**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DISTRICT**

| | |
|---|---|
| CAROLE WARD | * |
| 3515 Summer Drive | |
| Dover, PA 17315 | * |
| | |
| and | * |
| | |
| DONALD HICKS | * |
| 118 Susan Lane | |
| Cheektowaga, NY 14225 | * |
| | |
| Plaintiffs | * |
| | |
| vs. | * |
| | |
| LASHANTI IEASHA NAPPER | * |
| 21388 Edgar Way | |
| Lexington Park, MD 20653 | * |
| | |
| Defendant | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>COMPLAINT AND REQUEST FOR JURY TRIAL</u>

Carole Ward (hereinafter "Ms. Ward") and Donald Hicks (hereinafter "Mr. Hicks"), Plaintiffs,

by their attorneys, Paul J. Weber and Hyatt and Weber, P.A. sues Lashanti Napper (hereinafter "Ms.

Napper") and states:

1. Plaintiff, Ms. Ward, is a resident of Dover, PA.

2. Plaintiff, Mr. Hicks, is a resident of Cheektowaga, NY.

3. Defendant, Ms. Napper is a resident of St. Mary's County, Maryland.

4. This Court has jurisdiction over this lawsuit pursuant to 28 O.S.C. Section 1332(a)

because (1) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest

and costs and (2) Plaintiffs' states of citizenship, Pennsylvania and New York, are different than

Maryland, the state of citizenship of the Defendant.

5. The incident at issue occurred in St. Mary's County, Maryland.

6.      Venue of this claim is appropriate in the United States District Court for the District of Maryland pursuant to 28 U.S.C. Section 1391(b).

## FACTUAL BACKGROUND

7.      On or about December 23, 2022, the Plaintiff,  Ward was operating her vehicle on north bound Rt. 235 at its intersection with Oak Crest Drive.  Plaintiff,  Hicks, was a passenger in Ward's vehicle.  Ward's vehicle was stopped at a solid red traffic light.

8.      On or about December 23, 2022, the Defendant, Lashanti Napper (hereafter "Napper"), was operating her vehicle directly behind Carol Ward's vehicle on northbound  Rt. 235 at its intersection with Oak Crest Drive.  The Defendant, Napper, failed to stop for the stopped traffic in front of her causing her vehicle to strike the rear of  Ward's vehicle with such force that both vehicles had to be towed.

## COUNT I

## CAROLE WARD

9.      The Plaintiff adopts paragraphs 1-8 as if stated herein.

10.      Defendant Napper, failed to stop for traffic at a solid red traffic signal causing her vehicle to collide with the rear of Plaintiff, Ward's vehicle.

11.      Defendant, Napper operated her vehicle in a careless, reckless, and negligent manner in that she:

a.      failed to yield the right-of-way to the Plaintiffs vehicle;

b.      failed to stop her vehicle at an illuminated red traffic signal;

c.      failed to reduce speed in time to avoid a collision;

d.      failed to maintain proper and adequate control of her motor vehicle;

e.      failed to keep a proper lookout for other vehicles lawfully upon the highway as to her perspective course of travel;

f.      failed to steer her motor vehicle in a manner and in time to avoid a collision;

g.      failed to observe due care and precaution for the safety of other vehicles and the occupants;

h.      operated, managed and controlled her motor vehicle in a careless and dangerous manner under the circumstances then and there existing;

i.      operated, managed and controlled her motor vehicle in a careless and dangerous manner when approaching the Plaintiffs vehicle;

j.      failed to give full time and attention ;

k.      failed to obey other traffic control;

l.      failed to obey traffic signal;

m.      operated her motor vehicle in an erratic reckless manner.

n.      and in other respects, said Defendant was negligent.

12.     Defendant, Napper owed Ward a duty of care to operate her vehicle in a proper fashion and breached this duty of care by failing to obey an illuminated red traffic signal.

13.     Defendant, Napper's negligence caused her vehicle to strike the Plaintiff, Ward's vehicle.

14.     Defendant, Napper's negligence proximately caused Ward to suffer injury to her head, neck, back and pain, with movement of upper and lower extremities.  All such injuries were caused solely by the negligence of Napper without any negligence by Ward.

15.     That as a further result of the negligence of the Defendant, Napper, the Plaintiff, Ward, was caused to incur indebtedness to doctors, x-ray technicians and other medical specialists, for treatment of her injuries.

16.     That all of the foregoing injuries, damages and losses were the result of the carelessness, recklessness and negligence of the Defendant, Napper, and were not, in any way, attributable to the Plaintiff, Ward, who was at all time exercising due care, and was not in any way negligent or contributorily negligent either directly or indirectly.

**WHEREFORE,** the Plaintiff, Carole Ward, demands judgment against Lashanti Napper in the amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT II

## DONALD HICKS

17. The Plaintiff adopts paragraphs 1-16 as if stated herein.

18. Defendant Napper, failed to stop for traffic at a solid red traffic signal causing her vehicle to collide with the rear of Plaintiff, Ward's vehicle. Hicks was a passenger in Plaintiff, Ward's vehicle.

19. Defendant, Napper operated her vehicle in a careless, reckless, and negligent manner in that she:

a. failed to yield the right-of-way to the Plaintiffs vehicle;

b. failed to stop her vehicle at an illuminated red traffic signal;

c. failed to reduce speed in time to avoid a collision;

d. failed to maintain proper and adequate control of her motor vehicle;

e. failed to keep a proper lookout for other vehicles lawfully upon the highway as to her perspective course of travel;

f. failed to steer her motor vehicle in a manner and in time to avoid a collision;

g. failed to observe due care and precaution for the safety of other vehicles and the occupants;

h. operated, managed and controlled her motor vehicle in a careless and dangerous manner under the circumstances then and there existing;

i. operated, managed and controlled her motor vehicle in a careless and dangerous manner when approaching the Plaintiffs vehicle;

j. failed to give full time and attention ;

k.      failed to obey other traffic control;

l.      failed to obey traffic signal;

m.      operated her motor vehicle in an erratic reckless manner.

n.      and in other respects, said Defendant was negligent.

20.    Defendant, Napper owed Hicks a duty of care to operate her vehicle in a proper fashion and breached this duty of care by failing to obey an illuminated red traffic signal.

21.    Defendant, Napper's negligence caused her vehicle to strike the vehicle Hicks was traveling in as a passenger.

22.    Defendant, Napper's negligence proximately caused Hicks to suffer injury to his head, neck, and back.  All such injuries were caused solely by the negligence of Napper without any negligence by Hicks.

23.    That as a further result of the negligence of the Defendant, Napper, the Plaintiff, Hicks, was caused to incur indebtedness to doctors, x-ray technicians and other medical specialists, for treatment of his injuries.

24.    That all of the foregoing injuries, damages and losses were the result of the carelessness, recklessness and negligence of the Defendant, Napper, and were not, in any way, attributable to the Plaintiff, Hicks, who was at all time exercising due care, and was not in any way negligent or contributorily negligent either directly or indirectly.

**WHEREFORE,** the Plaintiff, Donald Hicks, demands judgment against Lashanti Napper  in  the  amount in excess of Seventy-Five  Thousand  Dollars ($75,000.00) in compensatory damages, plus interest and costs.

Paul. Weber(Bar 03570)
HYATT & WEBER, P.A.
200 Westgate Circle, Suite 500
Annapolis, Maryland  21401
Telephone:   (410) 266-0626
Facsimile:      (410) 841-5065
Email:  pweber@hwlaw.com
*Counsel for Plaintiff*